# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**CLINTELL COTHRAN, SR.**                                                                                                    **PLAINTIFF**

v.                               **CASE NO. 3:23-CV-00094-JM**

**ARKANSAS DEPARTMENT OF**
**HUMAN SERVICES**                                                                                                        **DEFENDANT**

## ORDER

Clintell Cothran's motion to proceed *in forma pauperis* (Doc. 1) is granted. He reports living on social security disability income.

Cothran's complaint is subject to screening. See 28 U.S.C. § 1915(e)(2). Cothran sues the Arkansas Department of Human Services ("ADHS") alleging that it has allowed money intended for the Arkansas Rent Relief Program to be fraudulently distributed. Doc. 2 at 4. Cothran seeks $400,000,000,000 in damages. *Id*. Cothran's complaint fails to state a claim because he does not offer sufficient facts to explain why he is entitled to relief he seeks. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Even if Cothran's complaint properly stated a claim, dismissal would still be appropriate because he does not state a basis for subject matter jurisdiction, which is necessary for a case to proceed in federal court. There is no federal question because Cothran does not point to a constitutional provision, federal law, or treaty. See 28 U.S.C. § 1331. Additionally, the relief he seeks is unavailable. Official capacity claims against state agencies are equivalent to claims against the State of Arkansas. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (the State and its agencies are immune from

suit). Such claims are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Moreover, although state officials may be sued in their official capacity for prospective injunctive relief, a state agency cannot. *Monroe*, 495 F.3d at 594. As a result, ADHS is a state agency that is immune from suit. *Id.*; *see also Nelson v. Arkansas Crime Info. Ctr.*, No. 4:18-cv-4142 (W.D. Ark. Jan. 8, 2019), 2019 WL 137614, at *2. Accordingly, this case is dismissed without prejudice, and an *in forma pauperis* appeal from this order and accompanying judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 10th day of July, 2023.

*[signature]*
UNITED STATES DISTRICT JUDGE